IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


CINDY PIFER,

        Plaintiff,

        v.                                Civil Action No.2:09-CV-63

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.


**REPORT AND RECOMMENDATION PLAINTIFF'S APPLICATION TO PROCEED IN
FORMA PAUPERIS BE DENIED**

On May 22, 2009, Cindy Pifer, ["Plaintiff"], filed a complaint under 42 U.S.C. §§ 405(g)

and an Application for Leave to Proceed in forma pauperis.[1]  On June 3, 2009, this Court entered

an Order directing Plaintiff to submit an addendum to her initial application.[2]  Plaintiff submitted

this addendum on June 11, 2009.[3]  Based on the information provided in Plaintiff's application,

the Court finds Plaintiff can afford the filing fee.

Plaintiff's initial application revealed she receives a $348.47 social security check each

month.  The addendum indicated that this amount has increased to $368.68 per month.  The

addendum revealed that her spouse receives a monthly check from the VA in the amount of

$1,291.  Plaintiff reports no other income from any source.  Plaintiff has neither a checking nor a

_____

[1] Doc. Nos. 1 & 2.

[2] Doc. No. 4.

[3] Doc. Nos. 5-7.

savings account. Plaintiff owns a trailer home that sits on .77 acres that she also owns. The

trailer is valued at $500 and the acreage is valued at $3,720. Plaintiff reports that she has no

mortgage payment on the property. Plaintiff owns two vehicles: a 1992 Jeep Wrangler valued at

$2,000 and a 1997 Dodge Dakota valued at $3,500. Plaintiff's son is making the payments on

the Jeep.

Plaintiff's initial application reported that her monthly expenses total $2,857,92. She

reports that she spends $2,011.22 on utilities, $150 on home maintenance, $100 on food, $40 on

clothing, $50 on laundry and dry cleaning, $30 on medical and dental expenses, $175 on

transportation, $93 on her husband's car, and $3.61 on taxes.[4] Plaintiff's addendum included an

itemized statement of monthly bills and receipts. The typed statement indicates her monthly

expenses are $1,041.31 per month and her income is $1,659.68. An additional handwritten

itemized statement was also included in the addendum listing vehicle insurance, propane, wood,

property tax, electric, phone, satellite and storage. The Court notes that all of these items are

included on the typed itemized statement.

Plaintiff is not absolutely destitute, however, such a finding is not required in order to

proceed IFP. See Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339, 69 S.Ct. 85, 89

(1948). Adkins holds that an "affidavit is sufficient which states that one cannot because of his

poverty 'pay or give security for the costs...and still be able to provide' himself and dependents

---

[4] The Court notes that Plaintiff's itemized monthly expenses do not add up to equal the
number she lists for her total monthly expenses. The Court finds Plaintiff's total monthly
expenses to be $2,652.83.

'with the necessities of life.'" Id.[5]

When determining IFP status, the Court considers "any support that an IFP applicant might receive from a spouse, or *from any other individual*." Ginters v. Frazier, 2008 WL 314701 at 2 (D. Minn., February 4, 2008)[6] (*emphasis added*). See, e.g., Lee v. Wal-Mart Stores, Inc., 1993 WL 316756 at 3 (N.D. Ind., 1993)[7] (the income and assets of close family members are relevant to a determination of indigency); Assaad-Faltas v. University of South Carolina, 971 F. Supp. 985, 990 n. 9 (D.S.C. 1997) (it is proper to consider whether the party claiming indigent status receives financial support from her family); Fridman v. City of New York, 195 F. Supp.2d 534, 537 (S.D.N.Y. 2002) (courts consider "the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'") (quoting Williams v. Spencer, 455 F. Supp. 205, 208-09 (D. Md. 1978).

Here, plaintiff is not destitute. Plaintiff owns real estate and two cars. Furthermore, her monthly income exceeds her monthly expenses by $618.37. The Court finds that Plaintiff could pay the filing fee and still "provide herself with the necessities of life." See Adkins 335 U.S. 331. Accordingly, it is recommended Plaintiff's May 22, 2009 Application to Proceed in forma

---

[5] The Supreme Court has elaborated on this standard in Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 203, 113 S. Ct. 716, 722, 121 L. Ed.2d 656 (1993) (citation omitted), stating: "Poverty, in its primary sense, is a human condition, to be '[w]anting in material riches or goods; lacking in the comforts of life; needy.'"

[6] This Court recognizes that the United States Court of Appeals for the Fourth Circuit disfavors citation to unpublished opinions. I recognize the reasons for that position and acknowledge it. Unfortunately, there is not a better indicator of what its decision might be in this regard.

[7] See FN 4.

3

pauperis be **<u>DENIED</u>**, and Plaintiff be ordered to pay the full filing fee.  The Clerk is directed to

transmit a copy of this Order to counsel of record herein.

       **IT IS SO ORDERED.**

DATED: June 23, 2009

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE
