IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


**CINDY PIFER,**

    **Plaintiff,**

vs.                                                                   Civil Action No. 2:09 CV 63
                                                                                    (Maxwell)

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF**
**SOCIAL SECURITY,**

    **Defendant.**


## ORDER

      It will be recalled that the above-styled Social Security appeal is referred to United States Magistrate Judge James E. Seibert pursuant to Rule 86.02 of the Local Rules of General Practice and Procedure.

      On June 23, 2009, Magistrate Judge Seibert filed a Report And Recommendation wherein he recommended that the Plaintiff's Application To Proceed Without Prepayment Of Fees be denied. In said Report And Recommendation, Magistrate Judge Seibert found, after taking into account the costs of daily living and monthly expenses, that the Claimant, who with her husband's support, receives approximately $1,659.68 a month in income and who has monthly expenses in the amount of approximately $1,041.31, has sufficient assets to pay the filing fee in the above-styled appeal.

      In his June 23, 2009, Report And Recommendation, Magistrate Judge Seibert expressly advised the parties that they had ten (10) days after being served with a copy of said Report And

Recommendation in which to file objections thereto and that a failure to timely do so would result in the waiver of the right to appeal from a judgement of this Court based upon said Report And Recommendation. According to the docket in the above-styled social security appeal, to be timely filed herein, any objections would have to have been filed on or before July 8, 2009.

On July 13, 2009, objections to Magistrate Judge Seibert's June 23, 2009, Report And Recommendation were filed by the Plaintiff. The Court would note that, despite the fact that the Plaintiff is represented by attorney Richard K. Wehner in the above-styled social security appeal, her objections to Magistrate Judge Seibert's Report And Recommendation were filed *pro se.*

It is unclear to the Court why the Plaintiff's objections to Magistrate Judge Seibert's June 23, 2009, Report And Recommendation were filed *pro se* when she is, in fact, represented by counsel in this matter. Nevertheless, the Court will consider said objections, despite the fact that they were not timely filed, in light of the fact that the Plaintiff filed the same *pro se.*

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are made. Thomas v. Arn, 474 U.S. 140, 150 (1985).

The Court has conducted a *de novo* review only as to the portions of the Report and Recommendation to which the Plaintiff objected. The remaining portions of the Report And Recommendation to which the Plaintiff has not objected have been reviewed for clear error.

The Court finds that the Plaintiff has not, in her objections, raised any issues or put forth any facts that were not thoroughly considered by Magistrate Judge Seibert in reaching the determination that the Plaintiff has sufficient assets to pay the filing fee in the above-styled

appeal. The Court is of the opinion that Magistrate Judge Seibert's Report and Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled action. Accordingly, it is

**ORDERED** that Magistrate Judge Seibert's June 23, 2009, Report And Recommendation (Docket No. 8) be, and the same is hereby, **ACCEPTED** in whole and **ADOPTED** by this Court. Consistent therewith, it is

**ORDERED** that the Plaintiff's Application To Proceed Without Prepayment Of Fees (Docket No. 2) be, and the same is hereby, **DENIED**. It is further

**ORDERED** that, <u>**within ten (10) days from the date of entry of this Order**</u>, the Plaintiff shall pay the full filing fee of $350.00. The Plaintiff is expressly advised that a failure to timely pay the filing fee will result in the dismissal of this Social Security appeal.

The Clerk of Court is directed to electronically transmit copies of this Order to counsel of record and to transmit, via certified mail, a copy of the same to the Plaintiff, who for reasons not known to the Court, chose to proceed *pro se* with regard to the submission of objections to the Report And Recommendation at issue herein.

**ENTER**: October  16 , 2009

                                                                        /S/ Robert E. Maxwell
                                                                       United States District Judge